IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>DENNIS AUGUSTINE (03),<br><br>      Defendant. | Case No. 12-40006-03-DDC |

**MEMORANDUM AND ORDER**

Defendant Dennis Augustine filed a pro se[1] Motion for Compassionate Release (Doc. 160). He asks the court to modify his sentence due to the need to care for his father. Doc. 160 at 1. The court issued a Notice and Order to Show Cause (Doc. 161). And Mr. Augustine filed a Response (Doc. 163). For reasons explained below, the court lacks subject matter jurisdiction to consider Mr. Augustine's motion and dismisses the motion without prejudice.

**I.   Background**

On October 5, 2012, our court sentenced Mr. Augustine to 240 months in prison and five years of supervised release. Doc. 86 at 3–4. On May 3, 2021, Mr. Augustine filed a pro se motion under the CARES Act seeking compassionate release based on his elderly father's need for care. Doc. 160 at 1. Given the relief Mr. Augustine sought, the court construed his filing as one seeking compassionate release under 18 U.S.C. § 3582(c)(1). *See* Doc. 161 at 1. But the

---

[1] Because Mr. Augustine filed this motion pro se, the court construes his filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not become an advocate for the pro se party. *See Hall*, 935 F.2d at 1110. Mr. Augustine's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

motion failed to show that either (1) exhaustion or (2) lapse occurred before Mr. Augustine filed his request in federal court.  So, the court issued a Show Cause Order directing him to show cause why the court should not dismiss his request for compassionate release without prejudice for failure to show exhaustion or lapse under 18 U.S.C. § 3582(c)(1)(A).  *See* Doc. 161 at 2.  Mr. Augustine timely filed a Response to the Show Cause Order.  Doc. 163.

With this procedural background in mind, the court now recites the legal standard governing Mr. Augustine's motion under § 3582(c)(1)(A).

## II.     Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [this] rule of finality is subject to a few narrow exceptions.  One such exception is contained in [18 U.S.C.] § 3582(c)(1)."  *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (citation and internal quotation marks omitted).  Even after it has imposed a term of imprisonment, the court may modify that term "upon motion of the defendant after [1] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A).  "Under that statute, a district court may reduce a sentence if, after considering any applicable sentencing factors in 18 U.S.C. § 3553, it finds 'extraordinary and compelling reasons warrant such a reduction' and the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission.'"  *United States v. Haynes*, 827 F. App'x 892, 895 (10th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

Our Circuit reads § 3582(c) to impose a jurisdictional requirement.  "'Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district

court lack[s] jurisdiction to consider [the defendant's] request.'" *United States v. Poutre*, 834 F. App'x 473, 474 (10th Cir. 2021) (quoting *United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009)); *but see United States v. Avalos*, ___ F. App'x ___, 2021 WL 1921847, at *2 n.2 (10th Cir. 2021) (noting that the Tenth Circuit "has not ruled on the issue" whether § 3582's exhaustion requirement is jurisdictional").

The court now applies this standard to Mr. Augustine's motion.

### III.  Discussion

#### A.  Whether Mr. Augustine Shows Exhaustion or Lapse Under § 3582(c)(1)(A)

The First Step Act subjects an inmate's motion for compassionate release to certain prerequisites.  *First*, an inmate seeking compassionate release under § 3582(c)(1)(A) must "request that the BOP file a compassionate-release motion on his behalf to initiate his administrative remedies." *United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. 2020) (citations omitted).  And the court "may not modify a term of imprisonment once it has been imposed" unless (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (2) "the lapse of 30 days[2] from the receipt of such a request by the warden of the defendant's facility[.]"  18 U.S.C. § 3582(c)(1)(A).

The court carries an independent obligation to satisfy itself that subject matter jurisdiction exists.  *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).  And the court "must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction

---

[2]  Under the statute, a defendant may file a motion for compassionate release directly with the district court after "the passage of 30 days from the defendant's *unanswered* request to the warden for such relief."  *See Maumau*, 993 F.3d at 830 (emphasis added).

3

is lacking." *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citation and internal quotation marks omitted).

Here, Mr. Augustine concedes that he neglected to request the BOP to file a compassionate-release motion on his behalf to initiate the administrative remedies. Doc. 163. Because Mr. Augustine has not acted to pursue those administrative remedies, the court concludes that Mr. Augustine demonstrates neither lapse nor exhaustion. Relief under § 3582(c)(1)(A) requires one or the other. So, Mr. Augustine fails to show that the statute authorizes relief. And since our Circuit's cases "require the movant to show that § 3582(c) authorizes relief for the court to have jurisdiction[,]" *Poutre*, 834 F. App'x at 473, the court concludes that it lacks subject matter jurisdiction to consider Mr. Augustine's motion.

### IV.  Conclusion

Sentence modification under § 3582(c)(1)(A) requires that a movant show exhaustion or lapse as the statute describes. Mr. Augustine acknowledges that he does not meet either requirement. *See* Doc. 163. Controlling law in our Circuit holds that a movant's failure to meet this requirement means that the court lacks subject matter jurisdiction. And absent subject matter jurisdiction, the court lacks authority to consider the substance of Mr. Augustine's motion. The court thus dismisses the motion without prejudice to refiling another motion *after* (1) filing a request for relief under 18 U.S.C. § 3582(c)(1)(A) from the warden of his BOP institution, and (2) either exhaustion or lapse occurs.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Dennis Augustine's Motion for Compassionate Release (Doc. 160) is dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**Dated this 2nd day of June, 2021, at Kansas City, Kansas.**

                                               **s/ Daniel D. Crabtree**
                                               **Daniel D. Crabtree**
                                               **United States District Judge**